IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GUSTAVO SANTANDER, | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 4:23-cv-106 |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| JOSE SALAZAR, | § | |
| and SS HOSPITALITY GROUP, LLC, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Gustavo Santander (hereinafter "Plaintiff" or "Santander"), complaining of Jose Salazar ("Salazar") and SS Hospitality Group, LLC ("Texas Republic Bar and Kitchen" or "Texas Republic"), and for cause would respectfully show the Honorable Court as follows:

### I.      NATURE OF THE ACTION

1.      Plaintiff was brutally assaulted by Jose Salazar, a police officer with the Fort Worth Police Department, outside of the Texas Republic Bar and Kitchen. Defendant Salazar was working as hired security for Texas Republic at the time of the assault. Defendant Salazar was acting under color of law when he assaulted Plaintiff and later falsely detained and arrested him.

2.      This is an action brought by Plaintiff against Jose Salazar for false arrest and for Salazar's use of excessive force under the color of state law resulting in the unjustified assault of Plaintiff and the violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution secured pursuant to 42 U.S.C. § 1983.

3.      Plaintiff further asserts claims under state law against Texas Republic for negligent hiring, supervision, and retention.

4.      For these civil rights violations and other causes of action discussed herein, Plaintiff seeks redress and compensation for damages in his unjustified assault.

## II.      PARTIES

5.      Plaintiff, Gustavo Santander, is an adult individual and resident of Tarrant County, Texas.

6.      Defendant, Jose Salazar, was at all times relevant herein a police officer with the City of Forth and the Fort Worth Police Department ("FWPD"). At all times material hereto, Salazar was acting under color of law. Salazar is sued in his individual capacity. Salazar may be served at 505 W. Felix Street, Fort Worth, Texas 76115, or wherever he may be found.

7.      Defendant, SS Hospitality Group, LLC, is a company authorized to do business in the State of Texas. On information and belief, SS Hospitality Group, LLC owns and operates the Texas Republic Bar and Kitchen located at 945 Foch Street, Fort Worth, Texas 76107. This defendant may be served by and through its registered agent, Bryan Bulloch, at 17101 Preston Road, Suite 210, Dallas, Texas 75248, or wherever he may be found.

## III.      JURISDICTION

8.      Jurisdiction exists in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiff by constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

## IV.      VENUE

9.      Venue is proper in this Court because the causes of action described herein occurred within the Northern District of Texas, Fort Worth Division.

## V.      FACTUAL BACKGROUND

10.      On the evening of July 22, 2022, at approximately 11:00 PM, Plaintiff and his wife arrived on or near 945 Foch Street, Fort Worth, Texas 76107 with the intent of visiting various establishments, including Texas Republic.

11.      Plaintiff engaged in a verbal conversation with staff members at Texas Republic as he was attempting to go down a flight of stairs and into a parking lot to wait for his wife.

12.      Staff members of Texas Republic were prohibiting Plaintiff from going down the stairs, so Plaintiff decided he would go to a different set of stairs.

13.      As Plaintiff turned around to leave, suddenly and without provocation, Defendant Salazar violently shoved Plaintiff in the back, causing Plaintiff to fall face first onto the concrete. On information and belief, Defendant Salazar was operating as security for Texas Republic on the night of this incident.

14.      Plaintiff was completely taken aback by the sudden and violent assault that Defendant Salazar initiated. Due to the fact that Plaintiff was walking away and attempting to find another staircase, he had no indication that he was about to be assaulted and no way to physically prepare his body as he was shoved into the ground. Defendant Salazar's act of shoving Plaintiff caused Plaintiff to fall forward several feet from where he was initially assaulted.

15.      When Plaintiff was able to stand back up, he approached Defendant Salazar to ask why he was just shoved to the ground. Instead of deescalating the situation and providing an explanation, Defendant Salazar again attempted to assault Plaintiff by grabbing Plaintiff's arm.

Plaintiff attempted to take his arm out of Defendant Salazar's grasp and pushed Defendant Salazar away from his person.

16.     Defendant Salazar again decided to engage in more use of force by attempting to trip and take Plaintiff down onto the ground before causing Plaintiff to spin and punching Plaintiff several times in the face and head. The blows to Plaintiff's face and head caused Plaintiff to lose consciousness as he lay flat on the ground from Defendant Salazar's strikes and takedown.

17.     As Plaintiff was regaining consciousness, Defendant Salazar forced Plaintiff into a sitting position and placed Plaintiff in handcuffs as another officer with the FWPD came to assist with the arrest.

18.     No justification existed for Defendant Salazar's use of force. In fact, no justification existed at all for Defendant Salazar to even initiate any sort of encounter with Plaintiff.

19.     Defendant Salazar never attempted to de-escalate the encounter despite knowing that Plaintiff did not pose him, any officer, or any member of the public any harm.

20.     Defendant Salazar had Plaintiff arrested on a charge of Public Intoxication.

21.     Defendant Salazar had no reasonable suspicion or probable cause to investigate or arrest Plaintiff on a charge of Public Intoxication. Defendant Salazar did not see Plaintiff drinking and Plaintiff exhibited no signs of intoxication. In fact, Plaintiff had not had a single drink of alcohol that evening as he had just arrived at Texas Republic.

22.     Defendant Salazar failed to perform any field sobriety testing or any test that would have given Defendant Salazar probable cause to initiate an arrest of Plaintiff on a public intoxication charge.

23.     Defendant Salazar was only interested in arresting Plaintiff to provide cover for the unjustified assault he had committed against Plaintiff. No other facts or evidence existed to support Plaintiff's assault or subsequent arrest.

24.     Plaintiff spent the night in jail and was subsequently prosecuted for the public intoxication charge. Plaintiff was intent on fighting the charge all the way to trial if necessary. On the day of trial, Plaintiff showed up to court, but Defendant Salazar failed to appear and testify. As a result, Plaintiff's public intoxication charge was dismissed.

25.     Plaintiff also filed an internal affairs complaint with the FWPD regarding the use of force and false arrest by Defendant Salazar. The internal affairs review of Defendant Salazar concluded that Defendant Salazar had indeed used excessive force against Plaintiff by pushing Plaintiff in the back and failing to handcuff Plaintiff. Further, internal affairs concluded that Defendant Salazar had "falsified the arrest affidavit" when Defendant Salazar alleged that Plaintiff had took a fighting stance outside of Texas Republic. Defendant Salazar also failed to disclose to his superiors that he had pushed Plaintiff in the back before further assaulting Plaintiff and omitted other key facts in the false arrest.

26.     Defendant Salazar was placed on restrictive duty and stripped of his police powers before he was finally terminated from the FWPD after serving with the FWPD for over 15 years.

27.     As a result of the violent assault initiated against him, Plaintiff was rendered unconscious and had several contusions to his face, head, and body.

28.     At the time of the assault and Plaintiff's arrest, Defendant Salazar was acting as a police officer and wore his FWPD-issued badge and service weapon as he handcuffed and arrested Plaintiff.

## VI.    CAUSES OF ACTION

### *COUNT I – 42 U.S.C. § 1983 EXCESSIVE FORCE*
### PLAINTIFF AGAINST JOSE SALAZAR

29.    Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

30.    Plaintiff would show that the actions of Defendant Salazar on the date at issue in this Complaint deprived Plaintiff of his constitutional rights.

31.    Plaintiff would show that at all times material hereto, Defendant Salazar had a duty to avoid infliction of unjustified bodily injury to Plaintiff, to protect his bodily integrity and to not trample on his constitutional rights.

32.    Plaintiff would show that the Defendant Salazar failed to act as an objectively reasonable officer would have acted in the same or similar circumstances. That is, Defendant Salazar, without legal or necessary justification or the need to do so, used excessive force as described above and caused severe and lasting physical injury to Plaintiff.

33.    Plaintiff would show that Defendant Salazar denied Plaintiff his right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

34.    The actions by Defendant Salazar taken on that day were not objectively reasonable because they were designed to inflict excessive force in restraining an individual in a non-threatening situation that warranted no interaction with Plaintiff.

35.    The unjustified and excessive force used by Defendant Salazar was not reasonable, nor was it necessary under the circumstances. Plaintiff exhibited no behavior and engaged in no course of conduct that would warrant him being shoved in the back onto the ground and punched several times until he was rendered unconscious.

36.     The force used by Defendant Salazar was objectively unnecessary, excessive, and unreasonable under the circumstances, as Plaintiff did not pose an immediate threat to the safety of Defendant Salazar or others. Defendant Salazar embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact did cause Plaintiff to suffer severe physical pain and injury, as well as mental and emotional distress, anxiety, terror and agony.

37.     As a result of the conduct by Defendant Salazar, he is liable to Plaintiff for his injuries and resulting damages because Defendant Salazar's actions amounted to excessive force under the circumstances.

### COUNT II – 42 U.S.C. § 1983 FALSE ARREST
### PLAINTIFF AGAINST JOSE SALAZAR

38.     Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

39.     Despite the total lack of probable cause to establish the existence of any crime, Defendant Salazar falsely arrested Plaintiff on a charge of Public Intoxication.

40.     The arrest of Plaintiff was malicious, intentional, and made with the express purpose of covering up the aforementioned excessive force by Defendant Salazar. The false arrest of Plaintiff was an unreasonable seizure of Plaintiff, and violated his rights, as guaranteed by the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

41.     Plaintiff's arrest was in the absence of probable cause.

42.     Defendant Salazar omitted key information from the arrest affidavit concerning Plaintiff and lied about other statements in the arrest affidavit.

43.     As a direct result of the illegal conduct of Defendant Salazar, Plaintiff has suffered injury and damages as further described in this Complaint.

### COUNT III – 42 U.S.C. § 1983 MALICIOUS PROSECUTION
### PLAINTIFF AGAINST JOSE SALAZAR

44.     Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

45.     As stated above, a criminal prosecution against Plaintiff was terminated in Plaintiff's favor when the charge of public intoxication was dropped after the case was set for trial and Defendant Salazar failed to appear for trial.

46.     Defendant did not have probable cause to commence a criminal prosecution against Plaintiff.

47.     Defendant Salazar lied and withheld exculpatory evidence from the City that would have immediately ended the prosecution of Plaintiff for a criminal charge which had no basis in law or fact.

48.     As a direct result of the illegal conduct of Defendant Salazar, Plaintiff has suffered injury and damages as further described in this Complaint.

### COUNT IV – NEGLIGENT HIRING, SUPERVISION, AND RETENTION
### PLAINTIFF AGAINST SS HOSPITALITY GROUP, LLC ("TEXAS REPUBLIC")

49.     Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

50.     Defendant Salazar, on information and belief, was hired by Texas Republic for security services outside of the bar.

51.     Texas Republic knew or should have known that Defendant Salazar was unfit, unqualified, and insufficiently trained for the requirements of his respective assignments given the circumstances established above.

52.     On information and belief, Defendant Salazar was not disciplined or terminated from Texas Republic after the incident in question.

53.     Texas Republic had a duty to investigate the background of their employees/agents for fitness for the positions and responsibilities in which they were hired and reasonably likely to encounter.

54.     Texas Republic had an ongoing duty to remain knowledgeable of the reality of the circumstances inherent to their operations, the specific needs of those circumstances and the fitness of their employees/agents within said circumstances and knew or should have known that their employees/agents, including Defendant Salazar, were unfit as described above, and to be further developed through discovery, to serve as an employee and/or otherwise defined agent.

55.     Texas Republic failed to investigate, screen, properly train or supervise Defendant Salazar. Thus, Texas Republic breached their individual and/or collective duty of care.

56.     Texas Republic, through its individual and/or collective failures and omissions created an unreasonable risk of harm to Plaintiff and proximately caused his injuries when they breached these duties.

57.     As a direct result of Texas Republic's negligence, Plaintiff has suffered injury and damages as further described in this Complaint.

## VII.   DAMAGAES

58.     As a direct and proximate result of the acts outlined above, Plaintiff has been damaged. Defendants' conduct has caused severe injury to the Plaintiff. Furthermore, he has suffered physical pain and injury, economic loss, emotional and mental anguish, and pain and suffering as a direct result of the violations of his constitutional rights.

59.     Plaintiff seeks compensatory damages to compensate him for his damages, which include physical injuries, mental anguish, pain and suffering, both past and future, and loss of income.

60.     Plaintiff also seeks exemplary damages against Defendant Salazar.

61.     Plaintiff has retained the services of the undersigned attorney and claims

entitlement to an award of reasonable and necessary attorney's fees under 42 U.S.C. §§ 1983 and

1988.

62.     Punitive/Exemplary Damages against Defendant Salazar. Punitive/exemplary

damages are recoverable under section 1983 when the conduct is shown to be motivated by evil

motive or intent, or when it involves reckless or callous indifference to the federally protected

rights of others. Here, the conduct of Defendant Salazar was done with evil motive or intent, or

at the very least, was reckless or callously indifferent to the federally protected rights of the

Plaintiff. As such, Plaintiff requests punitive and exemplary damages to deter this type of

conduct in the future.

## VIII.   TRIAL BY JURY

63.     Plaintiff respectfully requests trial by jury.

## IX.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to

appear and answer herein; that upon final trial hereof Plaintiff has and recover judgment from

Defendants; actual damages, exemplary damages, punitive damages, pre-judgment interest at the

legal rate; interest on said judgment at the legal rate; costs of court; and such other and further

relief, both general and special, at law and in equity, to which Plaintiff may show himself justly

entitled.


Respectfully Submitted,

/s/ Blerim Elmazi
Blerim Elmazi, Esq.
State Bar No. 24118375
THE LAW OFFICES OF BLERIM ELMAZI
8111 LBJ Freeway, Suite 790
Dallas, TX 75251
Telephone: (817) 438-0123
Blerim@ElmaziLaw.com

**ATTORNEY FOR PLAINTIFF**